UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAROSA, | No. 2:23-cv-00123-WBS-SCR |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LOWES HOME IMPROVEMENT, | |
| Defendant. | |

Plaintiff proceeds pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Before the Court is Defendant's Motion to Dismiss (ECF No. 21) which seeks to dismiss one count of an eight-count complaint. The Court recommends that the Motion to Dismiss be DENIED. By separate order, the Court will direct the parties to file status reports and set this matter for scheduling conference.

**I.     Background and Procedural History**

Plaintiff, represented by counsel at the time, commenced this action in California state court on June 30, 2022. ECF No. 1 at 2. Plaintiff filed a first amended complaint (FAC) on July 5, 2022, and a second amended complaint (SAC) in September 2022. Defendant removed the action to this Court on January 20, 2023, on the basis of diversity of citizenship jurisdiction. ECF No. 1. The operative complaint is the SAC, which is in the record at Exhibit E to the Notice of Removal. ECF No. 1-5.

1

1    The SAC asserts eight causes of action based on state law: 1) negligent supervision; 2) negligent infliction of emotional distress; 3) battery; 4) negligent hiring; 5) false imprisonment; 6) false light invasion of privacy; 7) defamation; and 8) violation of the Tom Bane Civil Rights Act, Cal.Civ.Code § 52.1.  ECF No. 1-5.  Plaintiff alleges that on March 31, 2022, he was a customer in a Lowe's store and that he was stopped and detained by loss prevention personnel on suspicion of shoplifting.  *Id.* at 4.[1]  Plaintiff alleges he was "accosted" and "knocked to the ground and battered."  *Id.* at 5.  Plaintiff claims that Roseville police were called to the scene and reviewed videotape and determined that Plaintiff had not stolen any items.  *Id.* at ¶ 14.  Plaintiff alleges Defendant's employees made false statements and requested that Plaintiff "and his primary mode of transportation be subject to search and seizure in violation of his right to be free from restraint and arbitrary detention."  *Id*. at ¶ 83.

Defendant filed a motion to dismiss on January 27, 2023.  ECF No. 9.  Plaintiff's counsel filed a motion to withdraw on February 22, 2023.  ECF No. 13.  Counsel was allowed to withdraw on April 4, 2023, and as Plaintiff was proceeding pro se the matter was referred to Magistrate Judge Barnes.  ECF No. 19.  Magistrate Judge Barnes expressed concern that counsel had withdrawn due to health reasons, and it appeared Plaintiff was incarcerated and may not have been aware of the motion.  ECF No. 20.  Judge Barnes denied the motion to dismiss without prejudice to renewal.  ECF No. 20.  Defendant filed a renewed motion on September 15, 2023.  ECF No. 21.  Plaintiff filed two untimely opposition briefs (ECF Nos. 30 & 31)[2] and Defendant filed a reply (ECF No. 32).  Magistrate Judge Barnes took the motion under submission on January 17, 2024, and the matter was reassigned to the undersigned on August 6, 2024.  ECF Nos. 35 & 37.  Defendant's motion to dismiss seeks dismissal of only one of the eight counts.

II.    **Legal Standard on a Motion to Dismiss under Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

---

[1]  Page references are to the page number generated by the Court's CM/ECF system and appearing on the upper right corner of the page.
[2]  It appears Plaintiff's opposition brief was for some reason filed three times.  ECF Nos. 30, 31, & 33.

2

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true all well-pleaded factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.    Analysis

Defendant moves to dismiss Plaintiff's eighth cause of action alleging violation of California's Tom Bane Civil Rights Act ("Bane Act") (Cal. Civil Code § 52.1). ECF No. 21 at 1-2. Defendant contends that the Bane Act claim is premised entirely on communications between Defendant's employees and the police and does not state a claim.

Plaintiff's opposition (ECF No. 31) states it was prepared pro se and he did not have access to the complaint while drafting it. Large portions are scribbled out. *See* ECF No. 31 at 2, 4, 6, 8, 10, 12, & 14. Plaintiff states that the Lowes' employees engaged in coercion by making false

3

statements to police which directly led to a violation of his Fourth Amendment rights by the police. *Id.* at 3.  Plaintiff argues this is not a "speech alone" case falling under California Civil Code § 52.1(k) but is rather a coercion case.  *Id.* at 13.  Plaintiff states he wishes to reserve the right to seek attorney's fees because although he is currently pro se he "is in the process of trying to obtain a new attorney."[3]  *Id.*  In Reply, Defendant argues that the Bane Act claim must fail because Plaintiff has not alleged that its employees' speech threatened violence against Plaintiff.  ECF No. 32 at 9.

The Bane Act provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion.  *See* Cal. Civil Code § 52.1(b) & (c); *Gomez v. City of Vacaville*, 483 F.Supp.3d 850, 870 (E.D. Cal. 2020).  A private actor can be held liable for violations of the Bane Act committed by its employees.  *Peralta v. United States*, 475 F.Supp.3d 1086, 1097 (C.D. Cal. 2020).  A plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act.  *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015).

In seeking to dismiss the Bane Act claim, Defendant relies on § 52.1(k), which provides that "[s]peech alone is not sufficient to support an action" under § 52.1(b) or (c).  Plaintiff does not dispute that Defendant's employees communicated with law enforcement which caused an arrest and detention (which communication constituted speech), but Plaintiff also alleges that prior to police arriving he had been "knocked to the ground and battered" and "violently attacked" by store employees, and that a store employee who attacked him was "in the immediate vicinity" when police arrived.  ECF No. 31 at 5, 13.  Thus, Plaintiff argues this is not a speech alone case, but a case about coercion.

When a search or seizure is at the heart of a Bane Act claim, as it is here, the framework is clear.  "[A] plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act."  *Lyall*, 807 F.3d at 1196.  Excessive force can constitute that additional coercion.  "Where, as here, an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion independent

---

[3] This statement was made in a filing in January 2024 and no counsel has since appeared for Plaintiff.

4

1 from the coercion inherent in the wrongful detention itself—a violation of the Bane Act." *Id.*, citing *Bender v. County of Los Angeles*, 217 Cal.App.4th 968 (Cal. Ct. App. 2013) (internal quotation and citation omitted).

Defendant also relies on *Jones v. Kmart Corp.*, 17 Cal.4th 329 (Cal. 1998), to argue that Plaintiff's Bane Act claim fails no matter how rough private loss prevention employees might have been with Plaintiff prior to the arrival of police. ECF No. 21 at 15. In *Jones*, the California Supreme Court found the claim failed for lack of state action: "When they assert that defendants interfered with those rights by directly violating them, they are mistaken: Only the government or its agents can do so." *Id.* at 334. In *Jones*, Kmart security guards arrested the plaintiff, used handcuffs, and searched him. *Id.* at 331-32. The police were not involved, and thus there was not the state action necessary for a Fourth Amendment violation. The *Jones* court acknowledged the situation would be different if the police were called: "Those rights were not put in jeopardy in this dispute, as they might have been if defendants had called the police and then coercively interfered with Jone's Fourth Amendment rights when he attempted to exercise them against police." *Id.* at 334. Plaintiff's argument appears to be that both the earlier assault by Defendant's employee and Defendant's employee providing false information to the police had a coercive effect on depriving him of his constitutional rights.

At this preliminary pleading stage, Plaintiff's allegations are sufficient to state a Bane Act claim. *See Van v. Wal-Mart Stores, Inc.*, 583 F.App'x 761, 763 (9th Cir. 2014) (finding that "construed liberally" plaintiff stated a Bane Act claim against Wal-Mart's security guards who had detained her and "used threats of violence to accomplish their purposes").

Defendant also requests the Court strike the request for attorney fees, on the basis that the Bane Act claim is insufficient, but also because Plaintiff is proceeding pro se. It is generally true that a pro se litigant cannot recover attorney fees. *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement, however, on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees [under 42 U.S.C. § 1988]."). However, in this action Plaintiff was initially represented by counsel, and has stated he may again retain counsel. It would be premature to strike the request for attorney fees at this time, and the Court recommends

1  Defendant's request to strike the prayer for attorney fees be denied without prejudice.

2      **IV.    CONCLUSION**

3      For the foregoing reasons, **IT IS HEREBY RECOMMENDED**:

4      Defendant's Motion to Dismiss (ECF No. 21), which seeks to dismiss one of the eight
5  counts of the SAC, be DENIED.

6      These findings and recommendations will be submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8  after being served with these findings and recommendations, either party may file written
9  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  The parties are advised that failure to file objections within the
11 specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.*
12 *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: February 21, 2025

15 SEAN C. RIORDAN
    UNITED STATES MAGISTRATE JUDGE