UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAROSA,<br><br>        Plaintiffs,<br><br>    v.<br><br>LOWES HOME IMPROVEMENT,<br><br>        Defendant. | No.  2:23-cv-00123-WBS-SCR<br><br><u>ORDER TO SHOW CAUSE</u> |

     Plaintiff proceeds pro se in this matter, which was set for a scheduling conference on March 27, 2025, at 11:30 a.m. to be convened via Zoom. The case was called, and Plaintiff failed to appear. As explained below, it appears Plaintiff has not participated in this litigation for the past several months and he must now show cause as to why his case should not be dismissed.

     On February 21, 2025, the Court issued an order setting the status conference. ECF No. 40. That order required the parties to submit status reports by March 13, 2025. Plaintiff did not file a status report. Defendant's status report states counsel had been unable to reach Plaintiff to confer about a joint status report despite numerous attempts using various means, that Plaintiff had not responded to written discovery, and that Plaintiff had failed to appear for a deposition. ECF No. 42 at 1-2; Dec. of Roger Backlar at ECF No. 42-1.

     At the scheduling conference, counsel for Defendant, Roger Backlar, was present. Mr. Backlar reported that after filing his status report, he communicated with Plaintiff by phone on

one occasion, and reminded Plaintiff of the scheduling conference and of Plaintiff's deposition, which Defendant had re-noticed for March 28, 2025.

Plaintiff is advised that failure to appear for a pretrial scheduling conference is grounds for sanctions. *See* Fed. R. Civ. P. 16(f)(1)(A) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference."). Plaintiff is further cautioned that failure to participate in discovery or appear for deposition may result in appropriate sanctions. Additionally, Plaintiff has not complied with the Court's prior order as he did not file a status report and did not appear at the scheduling conference. Failure to comply with a court order, or failure to prosecute an action, may lead to dismissal of the action. Fed. R. Civ. P. 41(b); Local Rule 110.

Good cause appearing, **IT IS HEREBY ORDERED**:

1. **Plaintiff shall show cause, in writing, within 14 days**, why the Court should not impose sanctions for Plaintiff's failure to file a status report and failure to appear at the scheduling conference on March 27, 2025.
2. Plaintiff is cautioned that failure to respond to this Order will result in a recommendation that the action be dismissed.
3. On or before April 4, 2025, Defendant shall file a brief notice informing the Court as to whether Plaintiff appeared for the deposition noticed for March 28, 2025.

SO ORDERED.

DATED: March 28, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2