UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAROSA, <br><br> Plaintiff, <br><br> v. <br><br> LOWES HOME IMPROVEMENT, <br><br> Defendant. | No. 2:23-cv-00123-WBS-SCR <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action. *See* ECF No. 19 (granting counsel's motion to withdraw). This matter was accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). ECF No. 19. Plaintiff failed to appear at the scheduling conference and failed to respond to the Court's subsequent Order to Show Cause. Accordingly, the Court recommends this action be dismissed for failure to prosecute.

I.     Background and Procedural History

Plaintiff, represented by counsel at the time, commenced this action in California state court on June 30, 2022. ECF No. 1 at 2. Plaintiff filed a first amended complaint on July 5, 2022, and a second amended complaint (SAC) in September 2022. Defendant removed the action to this Court on January 20, 2023, on the basis of diversity of citizenship jurisdiction. ECF No. 1. The operative complaint is the SAC, which is in the record at Exhibit E to the Notice of Removal. ECF No. 1-5.

1

The SAC asserts eight causes of action based on state law. ECF No. 1-5. Plaintiff alleges that on March 31, 2022, he was a customer in a Lowe's store and that he was stopped and detained by loss prevention personnel on suspicion of shoplifting. *Id.* at 4.[1] Plaintiff alleges he was "accosted" and "knocked to the ground and battered." *Id.* at 5. Plaintiff claims that Roseville police were called to the scene, reviewed videotape, and determined that Plaintiff had not stolen any items. *Id.* at ¶ 14. Plaintiff alleges Defendant's employees made false statements and requested that Plaintiff "and his primary mode of transportation be subject to search and seizure in violation of his right to be free from restraint and arbitrary detention." *Id.* at ¶ 83.

Defendant filed a motion to dismiss one of the eight counts of the SAC on January 27, 2023. ECF No. 9. Plaintiff's counsel filed a motion to withdraw on February 22, 2023. ECF No. 13. Counsel was allowed to withdraw on April 4, 2023, and as Plaintiff was proceeding pro se the matter was referred to Magistrate Judge Barnes. ECF No. 19. Magistrate Judge Barnes expressed concern that counsel had withdrawn due to health reasons, and it appeared Plaintiff was incarcerated and may not have been aware of the motion. ECF No. 20. Judge Barnes denied the motion to dismiss without prejudice to renewal. ECF No. 20. Defendant filed a renewed motion on September 15, 2023, and the motion was fully briefed. ECF No. 21. This Court recommended the motion be denied, and the findings and recommendations were adopted in full. ECF No. 43.

On February 21, 2025, this Court issued an order setting a pretrial scheduling conference for March 27, 2025. ECF No. 40. The order required the parties to file status reports at least 14 days in advance of the conference. *Id.* at 1. Plaintiff did not file a status report. Defendant did file a status report, and defense counsel reported that he had been unable to contact Plaintiff either by phone or email to confer on a joint status report. ECF No. 42-1 at 3. Defense counsel also reported that he had noticed Plaintiff's deposition for March 4, 2025, but that Plaintiff had not appeared. *Id.* at 2.

On March 27, 2025, Plaintiff failed to appear for the pretrial scheduling conference. ECF

---

[1] Page references are to the page number generated by the Court's CM/ECF system and appearing on the upper right corner of the page.

1  No. 44.  Defense counsel reported at the status conference that he had been in communication
2  once with Plaintiff recently and had reminded him of the status conference and had re-noticed his
3  deposition for March 28, 2025.  The Court issued an Order to Show Cause on March 28, 2025,
4  which gave Plaintiff 14 days to respond.  ECF No. 45.  The order stated in part that "it appears
5  Plaintiff has not participated in this litigation for the past several months and he must now show
6  cause as to why his case should not be dismissed."  *Id.* at 1.  The Order to Show Cause further
7  provided: "Plaintiff is cautioned that failure to respond to this Order will result in a
8  recommendation that the action be dismissed."  *Id.* at 2.  On March 31, 2025, Defendant filed a
9  further status report stating that Plaintiff had again failed to appear for his deposition via Zoom at
10 the scheduled time, but that four and a half hours after the start time, Plaintiff sent an email
11 saying he was unable to login.  ECF No. 46 at 2.
12        II.    Analysis
13        Plaintiff failed to comply with the Court's order (ECF No. 40) when he did not file a
14 status report.  Plaintiff then failed to appear for the pretrial scheduling conference.  Plaintiff was
15 then advised via an Order to Show Cause that "failure to appear for a pretrial scheduling
16 conference is grounds for sanctions."  ECF No. 45, *citing* Fed. R. Civ. P. 16(f)(1)(A) ("On motion
17 or on its own, the court may issue any just orders, including those authorized by Rule
18 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference.").
19 Plaintiff was "further cautioned that failure to participate in discovery or appear for deposition
20 may result in appropriate sanctions."  ECF No. 45 at 2.  Additionally, Plaintiff was warned that
21 failure to respond to the Order to Show Cause would result in a recommendation to dismiss the
22 action.
23        The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258,
24 1260 (9th Cir. 1992), and concludes that dismissal is appropriate.  In considering whether to
25 dismiss a claim for failure to prosecute, the Court considers:  1) the public's interest in
26 expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of
27 prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy
28 favoring disposition of cases on their merits.  *Id.* at 1260-61.

3

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed over two years ago and concerns an event that occurred in March 2022. Plaintiff has made no filings in this action for over six months. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for over two years. The Court has ruled on a motion to dismiss and Plaintiff has failed to comply with recent orders of the Court. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendant

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. This matter cannot proceed to trial without Plaintiff's participation and it appears Plaintiff's participation has been limited since counsel withdrew. Defense counsel states that Plaintiff has twice failed to appear for deposition and has not answered written discovery. See ECF Nos. 42-1 and 46. The Court finds this factor weighs in favor of dismissal.

### 4. Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives. As detailed above, Plaintiff has failed to comply with two orders and failed to appear at the scheduling conference. An Order to Show Cause was also previously issued by Magistrate Judge Barnes when Plaintiff

4

did not timely respond to Defendant's motion to dismiss. ECF No. 29. The Court finds that lesser sanctions would be futile given Plaintiff's seeming unwillingness to participate in the litigation. Plaintiff was clearly warned that failing to respond to the Court's most recent Order to Show Cause would result in a recommendation to dismiss the action. The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

### 5. Public policy favoring disposition of cases on the merits

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

### III. Conclusion

The Court recommends dismissal pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110 for Plaintiff's failure to comply with Court orders, failure to appear at the scheduling conference, and failure to prosecute this action.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice; and
2. The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

////

////

Case 2:23-cv-00123-WBS-SCR   Document 47   Filed 04/17/25   Page 6 of 6

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE